**In re ROSER.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92-53696.

Decided Oct. 12, 1994.

*Michael J. Downing*, for the applicant.

*Lee I. Fisher*, Attorney General, for the state.

2

LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the March 18, 1994, order issued by a panel of commissioners. The panel of commissioners affirmed the decision of the single commissioner as to eligibility of the applicant David A. Roser; however, they further found that the Michigan Crime Victims Compensation Fund is not a collateral source pursuant to R.C. 2743.51(B)(2) or (10).

The assistant attorney general argued that the Michigan Program is a collateral source and since the victim did not timely file in Michigan, he is not eligible for consideration within the Ohio Crime Victims Program.

R.C. 2743.51(B) defines "collateral source" as follows:

" 'Collateral source' means a source of benefits or advantages for economic loss otherwise reparable that the victim or claimant has *received*, or that is *readily available* to him, from any of the following sources:

" * * *

"(10) Any compensation recovered or recoverable under the laws of another state, district, territory, or foreign country because the victim was the victim of an offense committed in that state, district, territory, or country."

The applicant, who is a resident of Ohio, was shot by an unknown offender on May 9, 1990, while driving his truck through Livingston County, Michigan. This claim for reparations was timely filed on May 6, 1992, in the Court of Claims of Ohio. A claim for reparations was not filed with the Crime Victims Compensation Board of Michigan, which has a time limit for filing the claim of one year from the date of the crime.

Pursuant to R.C. 2743.51(B)(10), there is absolutely no doubt that the Michigan Crime Victims Compensation Fund is a potential collateral source under the Ohio Crime Victims Reparations Act. However, in this claim, the applicant failed to present an application for reparations to this source of benefits or advantages that could have been a collateral source. Had an application been timely made in the state of Michigan, the Ohio filing would reimburse the victim for those losses he incurred that were not paid by the Michigan fund.

Consistent with the facts in this matter and R.C. 2743.60(H), the court finds that the applicant did not act unreasonably by his failure to file a reparations application in the state of Michigan. This court further finds that since the requirements of the Ohio Crime Victims Program have been satisfied, the applicant is eligible for consideration and the policy and objectives of the Ohio

Crime Victims Reparations Act will be served by an award of reparations to the applicant. See *In re Cooper* (1990), 62 Ohio Misc.2d 133, 593 N.E.2d 506.

Therefore, this court affirms the order of the panel of commissioners as to eligibility of the applicant within the Ohio Crime Victims Program, but disagrees with the findings of the panel of commissioners that the Michigan Crime Victims Compensation Fund is not a collateral source pursuant to R.C. 2743.51(B)(2) or (10) and all references to confiscation or potential confiscation of awards by either Michigan or Ohio.

Upon review of the evidence, the court finds that the order of the panel of commissioners shall be AFFIRMED as to eligibility of the applicant and the appeal of the Attorney General as to the readily available collateral source is DENIED.

IT IS THEREFORE ORDERED THAT:

1. The March 18, 1994, order of the panel of commissioners is affirmed;

2. The clerk shall certify the April 26, 1993, judgment for work loss, in the amount of $1,037.26, to the Director of the Office of Budget and Management for payment to the applicant, pursuant to R.C. 2743.191;

3. This claim is remanded to the single commissioner for further determination and referred to the Attorney General for further investigation and a new finding of fact an recommendation as to additional unreimbursed economic loss;

4. The Attorney General shall file his new finding of fact and recommendation on or before October 26, 1994;

5. The applicant may respond to the new finding of fact and recommendation within thirty-one days after it is filed by the Attorney General;

6. Costs assumed by the reparations fund.

*So ordered.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.